# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. W., individually, a minor, by and through her Guardian ad Litem, Phillip Washington; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES; et al. <br><br> Defendants. | Case No. CV13-08520 CAS (JCGx) <br> *Hon. Christina A. Snyder - Ctrm. 5, 2nd Floor* <br> *Hon. Mag. Jay C. Gandhi - Ctrm. A, 8th Floor* <br><br> **[PROPOSED]** <br><br> **PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1.  Defendants (hereinafter "Disclosing Party(ies)") may designate as confidential the DICV which they, in good faith, believe is protected from disclosure within the meaning of FRCivP 26(g), in that they believe the DICV contains confidential or private information. The DICV may be classified as subject to this protective order by marking the DICV with an electronic watermark, such as "Confidential," "Confidential

1  Documents," "Confidential Material," "Subject to Protective Order," or words of a similar
2  effect.  The DICV and all privileged information derived therefrom [hereinafter
3  collectively referred to as "Confidential Information"], shall be treated in accordance with
4  the terms of this Stipulation.  In making this designation, the Disclosing Parties are also
5  representing that no portion of the DICV is segregable and, therefore, subject to
6  production without restriction as "Confidential."

7       2.    The DICV may be used by the persons receiving such information
8  [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for
9  such other purposes as permitted by law.

10      3.    Subject to the further conditions imposed by this Stipulation, the DICV, or
11  any portion of it, may only be disclosed to the Court and to the following "qualified"
12  persons:

13           (a)    Counsel of record for the parties to this civil litigation;
14           (b)    Parties to this civil litigation;;
15           (c)    Attorneys, paralegals, law clerks, stenographic, clerical and secretarial
16  personnel who are employees in the offices of counsel referred to in subparagraph (a);
17           (d)    Expert witnesses consulted and/or retained for this action; and
18           (e)    The judge and court personnel, including stenographic reporters.

19      4.    Prior to the disclosure of any DICV, or any portion thereof, to any person
20  described in paragraph 3(a),©) or (d), counsel for the Receiving Party who seeks to use or
21  disclose the DICV shall first provide a copy of this Stipulation and have the individual to
22  whom the Receiving Party intends to disclose said "Confidential Information" sign the
23  Nondisclosure Agreement set forth in Attachment "A", stating that the person has received
24  and read a copy of the Stipulation and understands that s/he is bound by the terms of the
25  Stipulation.

26      5.    Unless made on the record in this litigation, counsel making the disclosure to
27  any qualified person described herein shall retain the original executed copy of the
28  Nondisclosure Agreements until thirty (30) days after this litigation has become final,

including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of the DICV, or any portion thereof, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed material(s), in camera with the Court having jurisdiction of the Stipulation.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendants City of Los Angeles, Los Angeles Police Department and Los Angeles Fire Department, or any other current or former employee of the Los Angeles Police Department and/or Los Angeles Fire Department, shall be subject to this Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, the DICV, or any portion thereof, and all testimony involving information derived from the DICV, also known as "Confidential Information," shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3. Nothing in this agreement is intended to limit the rights of third parties to obtain such "Confidential Information" through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the "Confidential Information".

7. If any "Confidential Information," or testimony derived therefrom, occurs at a deposition, those attending such portions of the depositions shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendants City of Los Angeles, Los Angeles Police Department and Los Angeles Fire Department, or any other current or former employee of the Los Angeles Police Department and/or Los Angeles Fire Department during the

"Confidential" sections of said depositions.

8.      Upon final termination of this litigation, including any appeal pertaining thereto, all material(s) still classified as "Confidential Information" at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3 herein above, shall be returned to the Disclosing Party within thirty (30) days.

9.      If any Receiving Party who receives "Confidential Information" is served with a subpoena or other request seeking "Confidential Information", s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the "Confidential Information" sought and the time in which production or other disclosure is required.  Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of "Confidential Information".  However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order arising from a motion to compel production or disclosure of "Confidential Information".

10.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain or incorporate "Confidential Information" shall be filed and maintained under Local Rule 79-5, which governs the filing of documents under seal. Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions that refer but do not contain or incorporate "Confidential Information", shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to these filings under seal, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information, under seal and that the application shall be directed to the judge to whom the papers are directed.  Pending the

ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request that any motions, applications or other pre-trial proceedings which would entail the disclosure of "Confidential Information" be heard by the Court in a manner that would preserve the confidential nature of the information, unless having heard opposition from counsel to such a process, the court orders otherwise. The terms of this agreement do not apply to evidence presented at trial. Any party seeking to limit the introduction of "Confidential Information" at trial shall take the matter up with the judicial officer conducting the proceeding at the appropriate time.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any "Confidential Information" into evidence on grounds including, but not limited to, relevance and privilege.

13. Any Receiving Party may make a motion with the Court at a later time to have the DICV deemed not confidential, and thus, no longer subject to a protective order.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

16. Disclosing parties retain the right to disclose or release the DICV outside the terms of this stipulation, but acknowledge that doing so may result in a waiver of the confidentiality of the DICV.

*IT IS SO ORDERED.*

Dated: June 2, 2014        By: *Christina A. Snyder*
                           HONORABLE CHRISTINA A. SNYDER
                           UNITED STATES DISTRICT COURT JUDGE

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Sandra Thomas Moses, et al. vs. City of Los Angeles, et al.</u>, United States District Court for the Central District of California, Central Division, Case No. CV13-05565 CAS (JCGx), and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____   Signed: _____